(137 So. 19)

**NOLES v. NOLES.**

6 Div. 996.

Supreme Court of Alabama.

Oct. 8, 1931.

Rehearing Stricken Nov. 19, 1931.

556

W. C. Rayburn, of Guntersville, for appellant.

F. E. St. John, of Cullman, for appellee.

FOSTER, J.

This is an action by appellant, the wife, against her husband's father for damages for the alienation of her husband's affections. It is justified upon the authority of our cases of Parker v. Newman, 200 Ala. 103, 75 So. 479; Coker v. Coker, 209 Ala. 295, 96 So. 201; Woodson v. Bailey, 210 Ala. 568, 98 So. 809.

Conversations and correspondence between the husband and wife are usually admissible to show the effect of the conduct of defendant upon the affections of the alienated spouse's mind toward plaintiff (30 Corpus Juris, 1139, and many authorities cited in the notes), also to "show the terms upon, which the husband and wife lived together before" the trouble began (Long v. Booe, 106 Ala. 570, 17 So. 716; Parker v. Newman, supra; 13 R. C. L. p. 1476, note 9).

Plaintiff offered to prove the details of a conversation between her and her husband on the day he left her, after they had eaten breakfast together. The court refused to permit this proof, but allowed plaintiff to testify that there had been no trouble between them, and he left her in a friendly spirit. There was no statement made to the court of what the witness would testify. Without such a statement we cannot know whether the conversation would have been proper or not. Reversible error cannot be predicated upon such a situation notwithstanding the Act of 1927, p. 636. Flowers v. Graves, 220 Ala. 445, 125 So. 659; Morgan-Hill Paving Co. v. Pratt City Savings Bank, 220 Ala. 683, 127 So. 500. Plaintiff testified that she and her husband had at no time had any trouble, and were getting along all right; that defendant and his sons came and gathered what corn remained in the field and carried off everything there except a bedstead and her clothing given her by her mother.

On cross-examination defendant's counsel asked certain questions to which plaintiff objected. He thereupon stated in substance that he proposed to show that one Mr. Ponder held a mortgage on the property, and that plaintiff induced him to have her husband arrested for disposing of the property, and that defendant paid Mr. Ponder and had the mortgage transferred to him, and that he took the property under the mortgage, and, further, that he wanted "to show when she had him arrested and put in jail he quit her as any other man ought to do." The court stated that he "will exclude that part," without specifying what part. Plaintiff then objected to the statement quoted above, which the court overruled, and plaintiff excepted.

We think it competent for defendant to state what he expects the evidence to be in response to a question he asks, and that it was competent to show that before the separation plaintiff had her husband arrested and put in jail. Plaintiff did not move to exclude the words, "he quit her as any other man ought to do." As at least a part of it was proper, the motion should relate to that which was improper.

By way of explanation of defendant's conduct in carrying off the produce, it was competent to show he had taken up a mortgage given by plaintiff's husband to Mr. Ponder and that the latter had procured the arrest of plaintiff's husband on information given by plaintiff, that plaintiff refused to let defendant carry off the property, and that he sued out a writ of detinue and had an officer to seize it.

The fact that defendant went after the doctor for plaintiff on one occasion when she was sick and paid him for the service was competent to show his spirit toward her, and its admission was without objection. The offer of plaintiff to show that she afterwards repaid the money to defendant could have no bearing upon that issue nor any other in the case. Nor do we think it error to refuse to permit plaintiff's counsel to ask her, "What did you owe Mr. Ponder for?" The nature of the consideration of the mortgage could have no relevancy in the case.

Refused charges 1, 2, and 3 leave out of consideration the question of whether defendant's conduct was wrongful and malicious. Defendant was the father of plaintiff's spouse, and to sustain the action against him malice is necessary. Woodson v. Bailey, supra.

Charge No. 5 misplaces the burden of proof, and the "special circumstances" mentioned do not clearly express the rule.

There is no presumption of malice, and the plaintiff must show that as well as other necessary conditions, when defendant is the parent of the alienated spouse.

Upon a consideration of the several assignments of error we find none to reverse, though

we think that it is not necessary to discuss them all.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.