34 So.2d 602

## LYNN v. STATE.

### 6 Div. 553.

Supreme Court of Alabama.

March 25, 1948.

Kenneth Griffith, of Cullman, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The main question for review on this appeal arises from the asserted error in failing to grant a mistrial and in denying the defendant's motion for a new trial on the ground of the separation pending trial of one of the jurors from the panel.

Court had adjourned for the afternoon and the jury was to be billeted at the Eureka Hotel, in the county seat. When the jury was still in the jury room one of the jurors found it necessary to go to the rest room and when he departed cautioned a fellow juror not to leave him. A moment or so later when he returned the main body had departed. This absenting juror immediately proceeded to the hotel and waited in the lobby until the other jurors arrived within a few minutes, under the supervision of the bailiff.

The prevailing rule in this jurisdiction controlling the question is that "a separation of the jury, after the trial has been entered upon, and before verdict, creates a cause for reversible error in favor of the defendant, unless the state affirmatively 'iows that the defendant was not thereby injured." Payne v. State, 226 Ala. 69, 70, 145 So. 650; Arnett v. State, 225 Ala. 8, 141 So. 699; Butler v. State, 72 Ala. 179; Davis v. State, 209 Ala. 409, 96 So. 187; Thompson v. State, 23 Ala.App. 565, 129 So. 297; McElroy v. State, 30 Ala.App. 404, 7 So.2d 508, certiorari denied 242 Ala. 529, 7 So.2d 489; Cobb v. State, 18 Ala. App. 556, 93 So. 225; Melton v. State, 26 Ala.App. 265; 158 So. 196; Redus v. State, 243 Ala. 320, 321, 9 So. 914; Aylward v. State, 216 Ala. 218, 113 So. 22.

Such a separation however, does not of itself invoke the absolute right to have a mistrial declared or for a new trial, but prejudice must result therefrom. The right is only prima facie and, when a separation is shown, the onus is on the prosecution to affirmatively establish that the separating juror or jurors conversed with no one affecting the defendant's guilt and that no other influences were brought to bear on the jury or any of its members which may have biased their deliberations. Arnett v. State, 225 Ala. 8, 141 So. 699, and cases cited; authorities, supra. A comprehensive note is also found in 34 A.L.R. 1171.

In order to remove all doubt of any prejudice having been done to defendant, it was clearly proven that the absenting juror had talked to no one except to give a salutation to a passing acquaintance or relative on his way to the hotel; that when he found the jury had left the courthouse, he immediately proceeded to the hotel, talked to on one while there, and remained in the lobby until the main body arrived.

The defendant moved for a mistrial on account of the irregularity mentioned and it was proper for the trial court to hear testimony pertinent to the question. Walden v. State, 29 Ala.App. 462, 198 So. 261, certiorari denied 240 Ala. 193, 198 So. 264. In investigating the question as to whether reversible error intervened in this regard

the court, out of the presence of the other members of the jury, examined the separating juror respecting his conduct and activities during his absence from the main body. Any relevant evidence on the question was proper for consideration and we perceive no error to the prejudice of the defendant in the testimony of ·the absenting juror tending to exculpate himself from any wrongdoing in the premises.

■ There is no claim of improper conduct, or at least none was shown by the movant, and the evidence expressly rebuts all improprieties in this connection and the prima facie case of prejudice. This entire ex parte inquiry in open court, while the remaining jurors were in the jury room under custody of the bailiff, proceeded without error, and on a careful consideration of the question we have concluded that both, the motions for a mistrial and for a new trial, were properly overruled. Gipson v. State, 247 Ala. 529, 25 So.2d 392.

Consistent with our duty under the statute, Code 1940, Title 15, § 389, we have reviewed the entire case in search for prejudicial error but have discovered none. Appellant was represented below, as he is here, by able counsel who have assiduously defended his cause. Our remarks are and will be confined to the proceedings and rulings urged upon us in counsel's brief and argument as error prejudicial to the appellant, since the insistences there made fully suffice for this purpose. Little further need be said since these insistences are unsustainable. We will, however, discuss a few.

■ The rule in Alabama is that the record must affirmatively show the personal presence of the defendant at each successive step in the trial. Lee v. State, 31 Ala. App. 91, 13 So.2d 583, certiorari denied 244 Ala. 401, 13 So.2d 590; Frost v. State, 225 Ala. 232, 142 So. 427; Young v. State, 39 Ala. 357.

■ But where the record shows that accused was present at arraignment and when sentence was pronounced, it will be presumed that he was present at the other successive stages of the trial and when the verdict was rendered, unless the contrary appears or is shown. Frost v. State, supra; Dix v. State, 147 Ala. 70, 41 So. 924, 926; Young v. State, supra; Snow v. State, 58 Ala. 372; Banks & Wood v. State, 72 Ala. 522; 16 C.J. 814; 24 C.J.S., Criminal Law, § 1854.

■ It is argued by counsel that the foregoing rule was infracted and that the record fails to show the personal presence of the defendant when the court gave the jury additional instructions and later when the verdict was received. The record shows that the defendant was present at arraignment, when the special venire was drawn, when the jury was selected to try the case, and at various stages during the trial, including the period when the proceedings were had with reference to the motion for the mistrial above adverted to, and when sentence was pronounced. At the juncture complained of the record is as follows:

"It was made known to the Court that the jury was ready to report. Whereupon, the jury was brought into the court room. They were asked by the Court if they had reached a verdict, and answered in the affirmative. The verdict was handed to the Court, and after examining it, the Court made the following statement to the jury, in the presence of the Solicitor for the State, and defendant's counsel: [Then follows the additional instructions.]

"The jury retired to consider their verdict, later making it known to the Court that they were ready to report. The Court had them brought into the court room, received and examined their verdict, then had it read in the presence of the Solicitor and Defendant's counsel."

While the transcript is silent as regards the defendant's presence at the times complained of, it is clear to us, no showing having been made to the contrary, that his presence then is clearly to be inferred and it is so considered by the court. Repeated recitals of the fact of defendant's presence in court are not necessary. The record recitals noted afforded sufficient basis for the stated inference and for the judgment and sentence to be pronounced, no adverse

**388**

showing having been made. Frost v. State, supra, 225 Ala. page 236, 142 So. page 429; Dix v. States, supra.

 The confessions of the defendant were proven to have been voluntarily made and the prejudicial character of the statement of the defendant embodied in one such confession that "he would kill you all" (meaning some of his acquaintances in no way connected with the deceased) is not up for review because no specific ruling for its exclusion was invited. The general motion to exclude will not suffice. Where part of the evidence is admissible and part is inadmissible, it is not the duty of the court to separate the good from the bad. 18 Ala.Dig., Trial, ☞ 96; Noles v. Noles, 223 Ala. 554, 137 So. 19; Brenard Mfg. Co. v. Cannon, 209 Ala. 626, 96 So. 760; Miller v. Whittington, 202 Ala. 406, 80 So. 499.

 The remaining argument for error which we shall consider relates to certain charges the appellant contends were erroneously refused to him. These refused charges appear in the transcript in the order prescribed by the statute and are therefore reviewable. Code 1940, Title 7, § 273; Wimberly v. State, 204 Ala. 629, 86 So. 900; Townsend v. Adair, 223 Ala. 150, 134 So. 637; Jackson v. Burton, 226 Ala. 483, 147 So. 414. On a careful consideration of each of such charges, however, we have concluded that no prejudice resulted to the defendant by their refusal. Most of them were either incorrect statements of the applicable law, invasive of the province of the jury, or argumentative, and, so, were properly refused. One or two, while perhaps correctly postulating the law, were either abstract or amply covered by the oral charge of the court, and we cannot pronounce error in their refusal. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

Our conclusion is that the judgment is due to be affirmed and it is so ordered.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.