134 So.2d 216

**James BATES**

**v.**

**STATE.**

**7 Div. 641.**

Court of Appeals of Alabama.

Oct. 31, 1961.

Keener & Keener, Centre, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of assault with intent to murder.

The state's testimony shows that about 7 o'clock on the morning of July 7, 1960, defendant parked his automobile near the Piney Road in Cherokee County and fired several pistol shots toward Mr. Elbert Robert's car as he drove by on his way to work. Mr. Roberts was a policeman at Cedar Bluff.

Mr. Roberts testified he had known defendant for ten or twelve years and that a short time prior to July 7th defendant had threatened to kill him.

The Sheriff of Cherokee County testified that about 6:30 A.M. on July 7th, he had a conversation with defendant in which defendant stated he was "going to get" Mr. Roberts. A proper predicate was first laid for the admission of this evidence. No testimony was presented in defendant's behalf.

The uncontradicted evidence presented questions for the jury's determination, and was sufficient to sustain the verdict. There was no error in the court's refusal of the requested affirmative charge nor in the denial of the motion for a new trial on the ground of the insufficiency of the evidence.

■ Evidence of threats by the accused against the party assaulted was admissible. See 11 Ala.Dig. Homicide, ⊕158(1), for numerous cases.

A ground of the motion for a new trial was that during the progress of the trial the jury was allowed to separate.

In support of the motion Honorable Irby A. Keener, Sr., one of the attorneys for defendant, testified that immediately after the jury had been dismissed for the noon recess, Mr. Collier, the bailiff for the jury, remained in the hall outside the door to the register's office with eleven of the jurors, and allowed Mr. Chester Daniel, the twelfth juror, to go to the men's room in the solicitor's office. The witness saw Mr. Daniel open the door to the restroom and stand there washing his hands. The bailiff then left the eleven jurors in the hall and came and asked Mr. Daniel if he was ready to go. Mr. Daniel answered yes, and immediately left the room and joined the other jurors. He stated that neither of the solicitors was in the office at the time. While the jurors were standing in the hall several people were leaving the courtroom and were talking in the hall.

The state then presented the testimony of Mr. Daniel and the eleven other jurors, who stated that they did not discuss the case among themselves or with anyone else and no one approached them or tried to influence them during the noon recess nor at any other time. This was also verified by a bailiff who accompanied the jury to lunch.

■ When the fact of the separation of the jury pending the trial in a felony case is established, the burden is cast upon the state to show affirmatively that no injury resulted to defendant. Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90; Lynn v. State, 250 Ala. 384, 34 So.2d 602.

■ We are of the opinion no improper separation of the jury has been established. Moreover, the testimony introduced by the state affirmatively shows that no injury resulted to defendant from the alleged incident. The trial court was correct in its ruling denying the motion for a new trial on the ground of the separation of the jury.

No brief has been filed in appellant's behalf, but we have carefully searched the record, and finding no reversible error, the judgment of the trial court must be affirmed.

Affirmed.