137 So.2d 59

Ex parte Youzema **DORCH.**

5 Div. 612.

Court of Appeals of Alabama.

Dec. 5, 1961.

Rehearing Denied Jan. 23, 1962

Youzema Dorch, pro se.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Tommy R. Ogletree, Legal Aide, for State.

PRICE, Judge.

This is a petition by Youzema Dorch for leave to petition the Circuit Court of Lee County for a writ of error coram nobis.

Petitioner was convicted in the Circuit Court of Lee County, Alabama, of the offense of robbery. The judgment of conviction was affirmed by this court, 40 Ala.App. 475, 115 So.2d 287.

The petitioner alleges that he was deprived of a fair trial because he was not present at each and every stage of the proceedings.

It is alleged in the petition that during the course of the trial and while the state's principal witness, Richard Lynn Cockrell, was on the stand the judge called recess and directed that petitioner be taken to another room; that when petitioner returned to the courtroom, the trial was under way and questions were being asked the witness; that since the trial petitioner has obtained a copy of the transcript and learned for the first time that during the recess and while he was out of the courtroom trial strategy was discussed between the judge, juror and opposing counsel.

The affidavit of defendant attached to the petition sets out the proceedings complained of. We have examined the original record on appeal, and find the following on the cross-examination of Mr. Cockrell by defendant's attorney.

"Q. (BY MR. IRBY) At the previous hearing of this, didn't you say the keys were dropped down right there at the front of your store?

"A. No.

"Q. You didn't make such a statement?

"A. No.

"THE COURT: If you've got that statement written down, he has a right to see it, Mr. Irby. You have a written statement there—of course you have a right to ask him of course, and he said he didn't.

"Q. Didn't you say this or this in substance that you found the key on the following day—

"THE COURT: Just a minute Mr. Irby. Mr. Kendrick, will one of you officers go in the room with the defendant.

(Thereupon, a short recess was had).

"A JUROR: Judge, when we resume, I would like to know the name of that street.

"THE COURT: Well, maybe you will find that out. I'm sorry I can't do you any good, but—

"MR. IRBY: I will ask the question, if one of the jurors wants to know.

"MR. YOUNG: I will ask him.

"MR. IRBY: All right, go ahead.

"MR. YOUNG: Mr. Cockrell, will you tell the court and jury as close as possible the exact location of this store, what highway it is on and what

buildings are around it or what homes or other what—have you may be around it?"

The petitioner states he does not know when the trial reconvened or whether all of the foregoing colloquy took place during the recess, but that it is clear the juror's remark "when we resume" was made during the recess, and that he was not in the courtroom when the foregoing proceedings were had.

The record does not state the time of defendant's return to the courtroom. In Lynn v. State, 250 Ala. 384, 34 So.2d 602, 605, the court said:

"But where the record shows that accused was present at arraignment and when sentence was pronounced, it will be presumed that he was present at the other successive stages of the trial and when the verdict was rendered, unless the contrary appears or is shown."

Defendant was represented by able counsel who was examining the witness when the recess was called. No question was raised either at the trial or on the motion for a new trial as to defendant's absence at any stage of the proceedings. It will be presumed that he was present in the courtroom during the entire progress of the trial.

Furthermore, if the allegations of the petition are true, it is apparent from the record that defendant's temporary absence was known to his attorney and to the trial court. Error coram nobis "is not a proper remedy on account of the failure to use any matter which was known to the defendant or his counsel and was available at the time of his motion for a new trial." Ex parte Gammon, 255 Ala. 502, 52 So.2d 369, 371.

The motion of the Attorney General to dismiss the petition is granted.

Petition dismissed.