251 So.2d 779

**Thurston PIKE**

**v.**

**STATE.**

**7 Div. 103.**

Court of Criminal Appeals of Alabama.

Aug. 17, 1971.

---

**162**

John S. Casey, Heflin, for appellant.

CATES, Judge.

Leaving the scene of a motor vehicle accident contrary to Act 427, July 9, 1945; fine of $500.00 and thirty days at hard labor, i. e., misdemeanor punishment.[1]

## I

The jury returned for further instructions. In brief appellant contends that the failure of the court reporter to affirmatively note the presence of the accused is an error apparent on the record.

Our rule in felony cases is that it is affirmatively mandatory that the record speak of the defendant as being personally present with counsel at arraignment and before passing sentence when the court indulges the convict allocution. These being shown, unless the contrary appears, it is assumed that the defendant was continuously present at all stages of the trial. Frost v. State, 225 Ala. 232, 141 So. 427; Ex parte Dorch, 41 Ala.App. 505, 137 So. 2d 59.

Even for a misdemeanor a defendant cannot be tried in absentia. Slocovitch v. State, 46 Ala. 227. However, he can waive the right to be present when the jury brings in its verdict. Wells v. State, 147 Ala. 140, 41 So. 630. See also Berness v. State, 263 Ala. 641, 83 So.2d 613; Lee v. State, 244 Ala. 401, 13 So.2d 590.

In this case we find no error because (1) the question was first presented on appeal and (2) the presumption of presence laid down in *Frost*, supra, applies. Lynn v. State, 250 Ala. 384, 34 So.2d 602; 21 Am.Jur.2d, Criminal Law § 276.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

---

1. Code 1940, T. 1, § 7:

   "A felony within the meaning of this Code, is a public offense which may be punished by death, or imprisonment in the penitentiary; all other public offenses are called misdemeanors."

 

## II

In the instant record on the direct examination of the arresting officer we find, in part:

"Q (By Mr. Merrill) Mr. Traylor, you have described, to the Court and Jury, the condition of the Pike vehicle, as you saw it, on that occasion. Did you, on that occasion, find the key to that vehicle?

"A I did.

"Q Where was it?

"A They—

"MR. CASEY: Object to that, Your Honor, it's irrelevant and immaterial in this case, and the proper predicate has not been laid.

"THE COURT: Overruled.

"MR. CASEY: We except.

"Q You may answer.

"A The keys were in his right-front pants pocket.

"THE COURT: Well—

"MR. CASEY: We move to exclude that answer Your Honor.

"THE COURT: Yes. I'll have to exclude that. I didn't know what the answer was going to be and that particular evidence is inadmissible as being contrary to the Constitutional Provision regarding unlawful search and seizure, unless and until it is shown that he had a lawful right to search the person of Mr. Pike. That evidence is just not legal evidence and is not admissible. That is excluded from the consideration of you gentlemen.

"MR. MERRILL: Your witness..

"MR. CASEY: I think at this time, I will move for a mistrial based upon the answer of the witness, in regard to the search of the body of the person of the Defendant, and the fact that the testimony is illegal testimony and cannot be irradicated from the minds of the Jury by admonition from the Court. I think a mistrial could be granted in this case.

"THE COURT: I'll deny the motion.

"MR. CASEY: We except."

Appellant claimed alibi.

■ In view of the court's exclusion of this testimony we consider the denial of a mistrial was not an abuse of judicial discretion. The fact of the defendant's having the keys to the pickup truck at a time after the collision, and at his home, was not prejudicial.

We have carefully considered the entire record under Code 1940, T. 15, § 389 and conclude that the judgment below is due to be

Affirmed.