This Court granted certiorari to determine whether petitioner was represented by counsel at sentencing and whether allocution was made at that time.
The record discloses that following conviction on May 5, 1981, but before sentencing, petitioner's appointed counsel of record was allowed to withdraw from the case. Petitioner was allowed to remain free on bond until May 8, 1981, the day set for sentencing. On the appointed day petitioner did not appear, whereupon a forfeiture of his bond was entered and a writ ofalias capias issued.
The record then discloses that a sentencing hearing was held on April 19, 1982. At that proceeding the petitioner was present and received a sentence of 12 years' penal servitude. The record of that hearing fails to disclose either allocution, or the presence of defense counsel, or waiver of either, or any change in his previous indigent status. The minute entry form recites that "on this day, in open court, comes the defendant by his attorney of record." The record itself, however, affirmatively discloses the withdrawal of the attorney of record before sentence and fails to show the appointment of another counsel, or a waiver of counsel.
As to the presence of counsel at sentencing, both this Court and the Court of Appeals have emphasized the necessity of such a procedure. Shellnut v. State, 280 Ala. 28, 189 So.2d 590
(1966); Pike v. State, 47 Ala. App. 161, 251 So.2d 779 (1971);Cowart v. State, 44 Ala. App. 201, 205 So.2d 250 (1967).
The conviction here was for a violation of Code of 1975, §20-2-70, a felony. In a felony conviction the sentencing court must ask the convicted person if he has *Page 738 
anything to say as to why the sentence of the law should not be imposed on him. McGuff v. State, 49 Ala. App. 88, 268 So.2d 868
(1972); 6B Ala. Digest Key 989. Neither the record of the sentence hearing nor the minute entry form contains that allocution.
These errors render the sentence erroneous although they do not affect conviction. The cause must be remanded for a proper sentence. Thomas v. State, 280 Ala. 109, 190 So.2d 542 (1966). Accordingly, this case is remanded to the Court of Criminal Appeals, 425 So.2d 1369, with directions to remand the cause to the circuit court for a proper sentence under law. It is so ordered.
REMANDED WITH DIRECTIONS.
All the Justices concur.