673 So.2d 799 (1995)
Jimmy NEWTON, alias
v.
STATE.
CR-94-613.
Court of Criminal Appeals of Alabama.
May 26, 1995.
*800 Joseph Powers, Mobile, for Appellant.
Jeff Sessions, Atty. Gen., and Gregory O. Griffin, Sr., Asst. Atty. Gen., for Appellee.
TAYLOR, Presiding Judge.
The appellant, Jimmy Newton, pleaded guilty to two counts of illegal possession of cocaine. He was sentenced to 25 years in the penitentiary on each count, the sentences to be served concurrently.
The appellant contends that the trial court erred when it denied his motion requesting that the court suspend the imposition of the sentence and hold a sentencing hearing. Rule 26.6(b)(1), Ala.R.Crim.P., provides, in pertinent part, "Unless the court has no discretion as to the penalty to be imposed and no power to suspend execution of the sentence, the court shall conduct a sentence hearing in all felony cases, unless waived by the parties with consent of the court." Specifically, the appellant contends that he was denied his right to address the court as provided in Rule 26.9(b)(1), and to present witness testimony. The appellant contends that this denial violated his right to due process. The State argues that the appellant is procedurally barred from raising this claim because he made no objections when his guilty plea was accepted. There is no question that the sentence hearing was not "waived by the parties with the consent of the court."
Our threshold inquiry is whether the issue was preserved for appellate review. "An adverse ruling is required in order to preserve error for appellate review." Maul v. State, 531 So.2d 35, 36 (Ala.Cr.App.1987). The appellant's motion alleges that he was denied his right to present testimony in mitigation of his sentence. The court held a hearing on the merits of that motion. The denial of the appellant's motion constitutes an adverse ruling and preserves this issue for our review. "The primary purpose of objections is not to `preserve error' for appellate review; their primary purpose is to give the trial court an opportunity to correct that which might otherwise have been error." Johnson v. State, 500 So.2d 69, 72 (Ala.Cr. App.1986). See also Ex parte Works, 640 So.2d 1056 (Ala.1994). Because the trial court retained jurisdiction to modify the appellant's sentence when the motion at issue was filed, the court had an opportunity to correct the defect.
The judges of this court who dissent in this case contend that this issue was not preserved for our consideration because no specific objection was made. However, the portion of the motion hearing quoted in the dissenting opinion shows that the court was aware of the specific alleged defect; i.e., that no sentencing hearing was held. The court had ample time to correct any defect, but did not do so.
Additionally, "[t]he Alabama courts have considered a sentence without an allocution to be `erroneous,' Ex parte Anderson, 434 So.2d 737, 738 (Ala.1983), and mandatorily subject to remand for `proper sentence under law,' id." Cline v. State, 571 So.2d 368, 372 (Ala.Cr.App.1990).
The next question is whether the appellant was denied his due process rights by the court's failure to hold a sentence hearing and to afford the appellant the right to speak in his own behalf. We conclude that he was. An individual's right to allocution and to a sentence hearing is spelled out in the Alabama Rules of Criminal Procedure. Rule 26.9(b), Ala.R.Crim.P., states: "In pronouncing sentence, the court shall: (1) Afford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence." Rule 26.6(b)(1) further provides:
"(1) Unless the court has no discretion as to the penalty to be imposed and no power to suspend execution of the sentence, the court shall conduct a sentence hearing in all felony cases, unless waived by the parties with consent of the court. The sentence hearing may commence immediately after a determination of guilt or may be continued to a later date to be set by the court."
(Emphasis added.)
These two rules require an affirmative act of waiver by the parties. The record shows that the requirements of Rule 26.9(b)(1) and *801 Rule 26.6(b)(1) were not met here. The record states:
"THE COURT: All right. Jimmy [Newton], the charge in each of these cases of illegal possession of cocaine; in case CC-94-0858, how plead you, guilty or not guilty?
"THE DEFENDANT: Guilty, sir.
"THE COURT: In case CC-94-0859, how plead you, guilty or not guilty?
"THE DEFENDANT: Guilty.
"THE COURT: It's the judgment of this court that you are in fact guilty of these two offenses of illegal possession of cocaine as you pled. As punishment, I sentence you to 25 years' imprisonment in the state penitentiary in each case to run concurrently with each other.... Mr. Byrd, [defense counsel] has your client been sentenced in accordance with the agreement?
"MR. BYRD: Yes, sir, he has.
"THE COURT: Jimmy, have you been sentenced in accordance with the agreement?
"THE DEFENDANT: Yes, sir."
The Committee Comments to Rule 26.9 state:
"... Alabama decisions require that, in a felony conviction, the court must ask the convicted person if he has anything to say as to why sentence of the law should not be imposed upon him. See, e.g., Thomas v. State, 280 Ala. 109, 190 So.2d 542 (1966); McGuff v. State, 49 Ala.App. 88, 268 So.2d 868, cert. denied, 289 Ala. 746, 268 So.2d 877 (1972)."
The record reveals that upon accepting appellant's guilty plea, the court not only did not hold a sentencing hearing, but did not ask the appellant whether he had anything to say in his behalf. No "allocution" occurred. Allocution means:
"Formality of court's inquiry of defendant as to whether he has any legal cause to show why judgment should not be pronounced against him on verdict of conviction; or, whether he would like to make statement on his own behalf and present any information in mitigation of sentence."
Black's Law Dictionary 76 (6th ed.1990).
Our inquiry, however, does not end here. The appellant's right to be present at a sentencing hearing, which presupposes the right to have a sentencing hearing, and the right to speak in his own behalf, may be waived. The Committee Comments to Rule 26.9, Ala. R.Crim.P., state that the defendant has "the right of allocution regardless of the gravity of the sentence imposed. The right may be lost, however, if defendant's presence at sentencing is waived under Rules 26.7[1] and 9.1(b).[2]" (Emphasis added.)
The committee comments to Rule 9.1 illustrate the manner of waiver:
"The defendant may make an express waiver in open court or may waive the right by voluntary absence from the proceeding. See Taylor v. United States, 414 U.S. 17 [94 S.Ct. 194, 38 L.Ed.2d 174] (1973).
"Waiver of the right to be present must be clear and unequivocal. Waiver must be affirmative and positive in nature and made by the defendant personally. Haynes v. State, 40 Ala.App. 106, 109 So.2d 738 (1958), cert. denied, 268 Ala. 546, *802 109 So.2d 746 (1959). Consent or acquiescence of a defendant to a waiver of the right cannot be presumed but must affirmatively appear from the record. Bernes [Berness] v. State, 263 Ala. 641, 83 So.2d 613 (1955)."
The record contains no evidence that the appellant made an express waiver of his rights to allocution and to a sentence hearing, and he was not voluntarily absent from a court proceeding.
Those judges dissenting from this opinion conclude that the appellant waived his right to a sentencing hearing. I do not agree. The above dialogue shows that at no point did the court address the appellant and ask him if he had anything to say in his behalf. The record shows that there was no sentence hearing. The court proceeded directly, after taking the appellant's pleas, to sentence the appellant. The appellant was afforded no opportunity to speak in his own behalf. Nor is there any indication in the record that this issue was expressly waived. "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Rule 26.6, Ala.R.Crim.P., was not complied with. Therefore, the sentence was "erroneous." Ex parte Anderson, 434 So.2d 737 (Ala.1983). This cause must be remanded to the circuit court.
The appellant's sentence is set aside, and this cause is remanded to the Circuit Court for Mobile County for that court to hold a sentencing hearing in compliance with Rules 26.6(b)(1) and 26.9(b) Ala.R.Crim.P.
REMANDED WITH DIRECTIONS.[*]
PATTERSON and LONG, JJ., concur.
COBB, J., Dissents with opinion with McMILLAN, J., joining in the dissent.
COBB, Judge, dissenting.
The substance of the appellant's claim in this appeal is that the trial court erred in not holding a sentencing hearing. However, the convictions and sentences in this case were the result of a negotiated plea agreement that was very favorable to the appellant. The appellant, who had at least three previous felony convictions, was allowed to plead guilty to two Class C felonies, as opposed to the two Class B felonies with which he was originally charged. He received concurrent 25-year sentences within a possible sentencing range of 15 to 99 years, as opposed to the mandatory life imprisonment for the Class B felonies.
At the hearing on the appellant's motion to suspend imposition of his sentence, the appellant made no credible offer of proof as to any evidence he might present that could possibly mitigate his negotiated sentence. At the motion hearing, the following occurred:
"Mr. Whiddon [defense counsel]: Judge, he was in jail approximately five years. He's kind of the product of the prison system when he came out.
The Court: He was what?
Mr. Whiddon: Was kind of a product of the prison system when he came out. Basically no rehabilitation whatsoever in prison. He was thrown back into a neighborhood really without any money, without any family support there for a while, started hanging around with the people. Judge, he's had some people working with him the last several weeksand Judge, I'm not saying it would make difference, but there's some people in the community who would like to say something for him. It may very well be that if he qualifies for a suspended sentence, it may be the best thing. It may be better having this hanging over his head than sending him back into the prison system.
The Court: Well, where were these people when he was down here before?
Mr. Whiddon: Judge, our only response to that could be that he just didn't understand that that may make a difference and it may not. But there have been some things going on within the last week as far as people in the community. We're just asking for an opportunity to be heard. *803 And he just needs another week or two out there in order to maybe help make that difference with law enforcement.
The Court: I see. Do you want to say anything, Mr. Scully?
Mr. Scully [Prosecutor]: No, sir.
The Court: All right. Mr. Whiddon, what this motion I think amounts to is a motion of rehearing is about what it amounts to and with due respect it will be overruled and denied. He needs to turn himself in to the sheriff. Have a seat over here.
Mr. Whiddon: All right, sir."
(Motion R. 7-9.)
I believe that the appellant did have a sentencing hearing, in compliance with Rule 26.6(b)(1), Ala.R.Crim.P., immediately after the trial court accepted his guilty plea. The above-quoted portion from the motion hearing indicated that had the appellant presented witnesses at his guilty plea proceeding, the judge would have allowed them to be heard. He simply did not do so. Following the appellant's plea of guilty, the following occurred:
"The Court: It's the judgment of this Court that you are in fact guilty of these two offenses of illegal possession of cocaine as you pled. As punishment, I sentence you to 25 years imprisonment in the state penitentiary in each case to run concurrently with each other.... Mr. Byrd, has your client been sentenced in accordance with the agreement?
"Mr. Byrd [defense counsel]: Yes, sir, he has.
"The Court: Jimmy, have you been sentenced in accordance with the agreement?
"The Defendant: Yes, sir."
At this point, the appellant had the opportunity to say anything he wished; he apparently chose to say nothing.
As to any claim that the appellant might have received a suspended sentence based on hypothetical witness testimony, § 13A-5-9(c)(1), Code of Alabama 1975, provides that 15 years is the minimum sentence possible as a habitual offender in this case. The record shows that the trial judge was not receptive to any further reduction in the appellant's sentence because it had already been substantially reduced by the plea agreement. It is apparent from the record that the appellant negotiated the best possible sentence, under the circumstances. If the trial court erred here, it was harmless error. Cf. Holley v. State, 651 So.2d 50, 54 (Ala.Crim.App. 1994).
Additionally, I agree with Judge Bowen's dissent in Lancaster v. State, 638 So.2d 1370, 1374 (Ala.Crim.App.1993), that, among other sentencing concerns, allocution is not a jurisdictional matter and, therefore, may be waived. The appellant must raise this specific issue in the trial court to preserve it for our review. Nowhere in the appellant's motion or at sentencing did he raise this specific issue; consequently, it was not preserved for our review. See Jackson v. State, 579 So.2d 43, 44 (Ala.Crim.App.1991); Edwards v. State, 628 So.2d 1021, 1025 (Ala.Crim.App. 1993).
I see no error in the trial court's denial of the appellant's motion; remand of this case is inappropriate and warrantless. Therefore, I respectfully dissent.
NOTES
[1] Rule 26.7 states:

"The defendant has the right to be present at the sentence hearing and at sentencing. Failure of the defendant to appear at the hearing or for sentencing will not delay the pronouncement and entry of judgment and sentence if the defendant's right to be present has been waived, either in writing or by the defendant's nonappearance after notice of the time, date, and place of the sentence hearing or sentencing."
[2] Rule 9.1(b) states:

"(1) Except as provided in subsection (2) [if defendant is charged with capital crimes or is not present and not represented by counsel], a defendant may waive the right to be present at any proceeding in the following manner:
"(i) With the consent of the court, by an understanding and voluntary waiver in open court or by a written consent executed by the defendant and by the defendant's attorney of record, filed in the case.
"(ii) By the defendant's absence from any proceeding, upon the court's finding that such absence was voluntary and constitutes an understanding and voluntary waiver of the right to be present, and that the defendant had notice of the time and place of the proceeding and was informed of the right to be present."
[*] Note from the Reporter of Decisions: On December 1, 1995, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.