McMILLAN, Presiding Judge.
On November 9, 2004, Jimmy Lee Webb filed a Rule 32, Ala. R.Crim. P., petition, challenging his 1997 conviction for second-degree assault. Webb had pleaded guilty to the charge, and he had not appealed. The State moved to dismiss the Rule 32 petition, arguing that the petition was precluded on numerous grounds and also that on its face it was not meritorious. The trial court summarily dismissed the petition, finding that Webb had waived the alleged defects when he pleaded guilty and that the petition failed to state a claim upon which relief could be granted. We remanded the case by order for the trial court to clarify whether it had granted Webb’s in forma pauperis request or whether Webb had paid the filing fee. The trial court has now filed a return, indicating that on December 13, 2004, Webb was found to be indigent and was granted informa pauperis status.
On appeal, Webb reiterates three of the four issues he raised in his Rule 32 petition. Webb has abandoned a claim that he was deprived of the right to confront the witnesses against him. In cases in which the death penalty has not been imposed, this court is not obligated to consider issues that are not presented in briefs on appeal. Rule 45B, Ala. R.App. P.
I. and III.
Webb contends that the trial court lacked jurisdiction to sentence him because the hearing was conducted in the judge’s chambers, instead of in open court. This claim cannot be considered because Webb failed to object on that ground at the trial court level. The right to a public trial may be waived by the defendant’s failure to object in the trial court to the exclusion of *728 the public. Fisher v. State, 480 So.2d 6, 7 (Ala.Crim.App.1985).
Webb also contends that his indictment was insufficient because it did not allege that the assault was on a correctional officer while the officer was engaged in the performance of his duties. This claim is without merit because Webb was charged under subsection (a)(2) of § 13A-6-21, Ala. Code 1975, rather than under subsection (a)(4).[1] Subsection (a)(2) does not include as an element that the victim be a correctional officer.
II.
Webb contends that the trial court lacked jurisdiction to . sentence him because the court failed to give him an allocution. The State acknowledges that Alabama courts have found that a failure to give a defendant an allocution renders the defendant’s sentence “erroneous” and asks this court to remand the case for an evidentia-ry hearing on the validity of Webb’s claim.
In Ex parte Anderson, 434 So.2d 737-38 (Ala.1983), the Alabama Supreme Court held that, without an allocution or a waiver of allocution, a defendant’s sentence is erroneous and the ease must be remanded. This court has followed Anderson in numerous cases, including Cline v. State, 571 So.2d 368, 372 (Ala.Crim.App.1990). In Newton v. State, 673 So.2d 799 (Ala.Crim.App.1995), the majority relied on Anderson and Cline in holding that, without evidence of an express waiver, the trial court’s failure to afford the defendant his right to allocution violated his due-process rights. The minority dissenting-in Newton noted that the defendant’s sentence had been reduced by a highly favorable negotiated plea agreement and that any error in failing to grant allocution was harmless because it was apparent from the record that the trial judge would not have been receptive to any further reduction in sentence. The minority also indicated that it agreed with Judge Bowen’s dissent in Lancaster v. State, 638 So.2d 1370 (Ala.Crim.App.1993), that allocution is not a jurisdictional matter and therefore may be waived.
This court is bound by precedent and by the decisions of the Alabama Supreme Court, and we must therefore remand this cause for a hearing on the validity of Webb’s claim that he was denied an allocution. However, we note that Webb’s sentence was the result of a favorable plea agreement[2] and that he has not presented any evidence that is likely to mitigate his sentence on remand.
For the foregoing reasons, we set aside Webb’s sentence and remand this cause to the circuit court for resentencing in compliance with the prevailing law.
REMANDED WITH DIRECTIONS.*
*729 BASCHAB, J, concurs. COBB, SHAW, and WISE, JJ., concur in the result.

. Subsection (a)(2) of § 13A-6-21 provides that a person commits the crime of assault in the second degree if, ”[w]ith intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument.”
Subsection (a)(4) provides that a person commits assault in the second degree if, "[w]ith intent to prevent a peace officer . .. from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury' to any person.”
In its response to Webb’s petition, the State explained that Webb's indictment charged that, "with intent to cause physical injury to another person, [Webb] cause[d] physical injury to Walter Rogers by means of a deadly weapon or a dangerous instrument, to-wit: by stabbing him with a sharp instrument.”

. Webb was charged with two counts of assault in the second degree. Pursuant to the plea agreement, one of those counts was dismissed.

 Note from the reporter of decisions: On June 23, 2006, the Court of Criminal Appeals dismissed the appeal, without opinion.