The appellant, Gregg Norris, was convicted of the attempted possession of a controlled substance. He was sentenced pursuant to the Habitual Felony Offender Act to 15 years in prison.
 I
The appellant argues that the trial court erred in denying his motion for judgment of acquittal because, he says, there was insufficient evidence to find him guilty of attempting to possess a controlled substance. According to § 13A-12-203, Code of Alabama 1975, a person is guilty of an "attempt to commit a controlled substance crime if he engages in the conduct defined in section 13A-4-2(a), and the crime attempted is a controlled substance crime." Section 13A-4-2(a) states: "A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense."
Section 13A-12-212(a)(2) states that a person is guilty of possession of a controlled substance if *Page 1106 
 "[h]e obtains by fraud, deceit, misrepresentation or subterfuge or by the alteration of a prescription or written order or by the concealment of a material fact or by the use of a false name or giving a false address, a controlled substance enumerated in schedules I through V."
The state's evidence tended to show as follows: On May 29, 1990, the appellant came into the office of Dr. Reddock Williams, a family physician in Opp, Alabama, complaining of a chronic cough. He filled out a patient evaluation sheet and told Dr. Williams that he had had the cough for about 15 years and that Tussionex and Hycodan had been prescribed in the past. These drugs each contain the controlled substance hydrocodone. When Dr. Williams asked the appellant where he lived, the appellant gave him an address near Opp but could not tell the doctor how to get to his house. The doctor then asked for some identification and the appellant said that he had no license because it had been revoked and that his wallet had been stolen. When further questioned, the appellant gave the name of a doctor in Ensley, Florida, who he said had treated him for many years. Dr. Williams called this doctor, and he indicated that he did not remember the appellant. However, this doctor did testify at trial that he had seen the appellant approximately 10 times over the past 5 years. Dr. Williams also asked the appellant numerous questions attempting to corroborate the appellant's story. Dr. Williams telephoned several people but was unsuccessful in verifying the appellant's story. Dr. Williams also stated that the appellant had entered his office with a slight cough, but that while the doctor was questioning him it disappeared.
Dr. Williams called the police and the appellant was arrested. When the appellant was giving his address for purposes of making a statement, he gave a different address than he had given Dr. Williams. Neither address given by the appellant was correct. The appellant made a statement to the police in which he said that he did not try to obtain any drugs illegally and that he was only a sick man who needed medication. A police officer testified that the appellant did not cough in his presence.
There was sufficient evidence to find the appellant guilty. The trial court committed no error in submitting the case to the jury. Cf. Hurd v. State, 428 So.2d 191 (Ala.Cr.App. 1983).
 II
The appellant contends that the trial court erred in allowing Dr. Williams to testify because doing so violated a physician/patient privilege of confidentiality. Alabama does not recognize a physician/patient privilege of confidentiality. C. Gamble, McElroy's Alabama Evidence § 413.01 (4th ed. 1991).
We recognize that doctors do take the Hippocratic oath, one translation of which states in pertinent part:
 "Whatsoever things I see or hear concerning the life of men, in my attendance of the sick or even apart therefrom, which ought not to be noised abroad, I will keep silence thereon, counting such things to be as sacred secrets."
Encyclopedia Britannica (15th ed. 1974). Other translations are in Stedman's Medical Dictionary (25th ed. 1990); Stanley JoelReiser, Ethnics in Medicine (1977); Dorland's Illustrated Medical Dictionary (25th ed. 1974).
Dr. Williams, however, violated no law or any moral obligation; he had a duty to bring police attention to the appellant's attempt to obtain illegal drugs.
 III
The appellant next argues that the trial court erred in overruling his objection to Dr. Williams's testimony based on the fact that the doctor had taped his conversation with the appellant. The appellant maintains that the tape was thebest evidence of the conversation and that, therefore, Dr. Williams's oral testimony was not sufficient.
In Alabama, recordings are not subject to the best evidence rule. "It is agreed generally that the production of a thing which is not a writing is not required by *Page 1107 
the best evidence rule." See C. Gamble, McElroy's AlabamaEvidence § 212.03 (4th ed. 1991). See also Ex parte O'Daniel,515 So.2d 1250, 1252 (Ala. 1987).
Dr. Williams's testimony would not be inadmissible because of the best evidence rule.
 IV
The appellant lastly contends that the trial court erred in denying several of his requested jury instructions. Two of the requested instructions dealt with reasonable doubt. The appellant, however, makes no Cage v. Louisiana, 498 U.S. 39,111 S.Ct. 328, 112 L.Ed.2d 339 (1990) argument; he contends only that the trial court's instructions on reasonable doubt were not correct. A review of the record shows that the trial court adequately charged the jury on reasonable doubt. Thus, no error occurred in the trial court's denial of the appellant's requested instruction. Lambeth v. State, 380 So.2d 923 (Ala.), on remand, 380 So.2d 925 (Ala.Cr.App. 1979), cert. denied,380 So.2d 926 (Ala. 1980).
The next requested charges dealt with physician/patient privilege. We stated previously that Alabama does not recognize such a privilege; thus the instructions on such a privilege would have been incorrect statements of the law.
The next requested charge dealing with § 13A-12-212 we find very confusing, resulting in a misstatement of the law. The trial court committed no error in denying the appellant's requested charges. Malone v. State, 421 So.2d 1357 (Ala.Cr.App. 1982).
For the foregoing reasons the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.