George Wayne Davis was convicted of attempted possession of cocaine, a violation of § 13A-12-203, Ala. Code 1975. He was sentenced to life imprisonment. His sentence was enhanced pursuant to the Habitual Felony Offender Act because he had seven prior convictions. Davis filed a motion for a judgment of acquittal or, in the alternative, for a new trial, and after a hearing, the trial court denied the motion. On appeal, Davis contends (1) that the State failed to prove a prima facie case of attempt, (2) that the trial court committed reversible error when it allowed a witness to give an opinion, (3) that the trial court committed reversible error when it overruled Davis's objections to the jury charges, and (4) that the trial court committed reversible error by not allowing Davis to make a statement before imposing his sentence.
 I.
Davis argues that the trial court erred in denying his motion for a judgment of acquittal made at the close of the State's evidence and renewed by a post-trial motion. Specifically, Davis asserts that the State failed to prove that Davis's conduct constituted an attempt to possess a controlled substance. In making his motion at trial, Davis argued that the State did not sufficiently establish that Davis had committed an overt act toward the commission of the offense of possession. (R. 48-56.) At his hearing on his motion for a new trial, Davis argued that the State had also failed to prove that Davis had the specific intent to possess cocaine. (R. 74.) In his brief to this court, Davis reasserts that neither of these elements were proven by the State.
In reviewing a trial court's denial of a motion for a judgment of acquittal, we must determine "`whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty.'" Frasier v. State, [Ms. CR-97-1953, December 18, 1998] ___ So.2d ___ (Ala.Cr.App. 1998) (quoting Burell v. State, 680 So.2d 975, 978 (Ala.Cr.App. 1996)). We will determine whether the legal evidence before the jury was such that the jury could have found Davis guilty beyond a reasonable doubt. See id.
Section § 13A-12-203(a), Ala. Code 1975, provides that "[a] person is guilty of an attempt to commit a controlled substance crime if he engages in the conduct defined in Section 13A-4-2(a), and the crime attempted is a controlled substance crime." See also Rhodes v. State, 686 So.2d 1288, 1289 (Ala.Cr.App. 1996); Norris v. State, 601 So.2d 1105 (Ala.Cr.App. 1991). Section §13A-4-2(a), Ala. Code 1975, provides that "[a] person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense." *Page 923 
The State's evidence presented at trial tended to show the following. On July 10, 1997, Officer Chris Pruitt, a police officer with the Valley Police Department, was posing as a drug dealer in an area known to be popular for selling drugs. (R. 6, 27, 41.) Two other undercover officers were standing with Officer Pruitt. (R. 7, 27.) Officer Pruitt was wearing an audio transmission device. He testified that Davis drove toward the three undercover officers, got out of his car, and approached them. (R. 8.) As he approached Officer Pruitt, Davis said that he needed a "ten-cent piece." (R. 9, 29.) Officer Pruitt asked Davis to show him some money, and Davis opened his hand revealing some crumpled cash. (R. 11.) Officer Pruitt then poured what appeared to be crack cocaine from a vial and showed it to Davis. (R. 20-21.) At this point, the uniformed police officers who were watching the undercover officers approached Davis and arrested him. (R. 12.) After Davis was arrested, the police officers recovered two $5 bills from Davis's hand. (R. 29, 35.) Officer Pruitt testified that a "ten-cent piece" was street slang for $10 worth of crack cocaine, and he identified Davis in court. (R. 7.) The audiotape of the conversation between Officer Pruitt and Davis was played for the jury. (R. 13.)
The State presented sufficient evidence from which the jury could have reasonably concluded that Davis was guilty of attempting to possess a controlled substance. Questions of intent are normally questions for a jury because they are rarely capable of direct proof. See Frasier, supra. The jury could have inferred from the evidence that Davis intended to purchase crack-cocaine. Davis saw the undercover police officer in an area that was known for drug transactions and initiated contact with the officer by getting out of his car and walking toward him. Before the officer spoke to Davis, Davis told him that he needed to purchase a "ten-cent piece." The officer asked him to show him some money. Davis then showed the officer some money that he was holding in his hand. The conversation between Davis and the officer was recorded.
Moreover, the jury could have concluded beyond a reasonable doubt from this evidence that Davis committed an overt act. We have held that an overt act "`need not be the last proximate act prior to the commission of the crime itself"'; it must, however, be more than mere preparation. Minshew v. State, 594 So.2d 703,709 (Ala.Cr.App. 1991). Davis's actions were more than mere preparation. He got out of his car and approached the undercover police officer. Without any prompting by the police officer, Davis informed him that he would like to buy a ten-cent piece of crack cocaine. When the officer asked to see Davis's money, Davis showed him some cash, which was later determined to be two $5 bills. The State presented sufficient evidence of Davis's attempt to possess crack cocaine; therefore, the trial court's denial of Davis's motion for a judgment of acquittal was proper.
 II.
During direct examination of Officer Chris Pruitt, the State asked, "When Mr. Davis asked you for a ten-cent piece, what was he referring to?" Davis objected on the ground that the question called for the witness to speculate. The trial judge overruled the objection. (R. 10.) On appeal, Davis argues that the trial court should not have allowed Pruitt to answer the question because, he contends, (1) it relates to the ultimate issue of the case, and (2) it represents improper testimony of the uncommunicated intent or mental operation of another. Davis raised only the general ground of "speculation" before the trial court; therefore, the other grounds he argues in his brief are not properly preserved for our review. Davis is bound by the ground he stated for the objection before the trial court; he cannot raise additional grounds of objection on appeal. See McKinney v. State, 654 So.2d 95, 101 (Ala.Cr.App. 1995). "The statement *Page 924 
of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Glass v. State, 671 So.2d 114, 120 (Ala.Cr.App. 1995), overruled on other grounds, Ex parte Gentry, 689 So.2d 916 (Ala. 1996).
Even if Davis had preserved the issue, the trial judge correctly overruled the objection. The record reveals that Officer Pruitt had already testified concerning the street names for crack cocaine. Among the street names to which Officer Pruitt referred was the phrase "ten-cent pieces." (R. 10.) Thus, Officer Pruitt was merely restating prior testimony, to which no objection had been made. See Sheridan v. State,591 So.2d 129, 133 (Ala.Cr.App. 1991) (stating that while a witness cannot testify as to facts not within his knowledge, he can testify to beliefs, thoughts, or impressions that were based in what he had an opportunity to observe); Rule 602, Ala.R.Evid. (a witness can testify as to matters within his personal knowledge).
 III.
Davis contends that the trial court committed reversible error when it overruled his objections to the trial judge's jury instructions. Specifically, Davis argues that the trial judge's definition of "overt act" was too generic and that the trial judge should have given Davis's requested instruction on overt acts. Davis failed to properly preserve this issue for our review. After the trial judge delivered the instructions, Davis stated:
 "I think that the Court denied all of two, which we offered. I just want to make sure that I get that on the record. Okay. The next thing is that the part when we got over into the murder and then after that, I felt that that was confusing as to what point was . . . I would like to make my objection to that one noted as well."
(R. 65.) Thus, in making his objection, Davis asserted that only one of the instructions was confusing.
In order to properly preserve an issue concerning jury instructions for appellate review, Davis should have objected specifically to the trial judge's charge concerning the definition of an overt act before the jury retired to deliberate. Rule 21.3, Ala.R.Crim.P., provides:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
Moreover, even if Davis had preserved the issue, the trial judge amply instructed the jury as to the definition of an overt act. The trial judge explained:
 "What constitutes the commission of an overt act toward the commission of an offense of possession of cocaine is for the jury to decide under the circumstances. It requires that the defendant do some act directed toward the eventual effectuation of the crime. However, mere remote preparatory acts which are not reasonably in the chain of causation leading to effectuation of the crime are not sufficient . . . . An overt act is the unconcealed doing of a deed that moves the defendant toward the crime; here, possession of cocaine."
(R. 60-61.) As stated above, we have held that an overt act is considered to be more than mere preparation, but it does not have to be the last proximate act before the commission of a crime. See Minshew, 594 So.2d at 709. The trial judge's instructions adequately defined "overt act" to the jury.
 IV.
Lastly, Davis argues that the trial court committed reversible error when it failed to give Davis the opportunity to *Page 925 
make a statement in his own behalf at the sentencing hearing. Rule 26.9(b)(1), Ala.R.Crim.P., provides that in pronouncing the sentence, the trial judge must "[a]fford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence." See also Lancaster v. State, 638 So.2d 1370,1373 (Ala.Cr.App. 1993) (stating that "[a] failure to honor the right . . . of the defendant to speak on his own behalf before sentence is pronounced renders the sentence erroneous"). The Committee Comments following the rule state that a defendant is entitled to allocution, regardless of the gravity of the sentence imposed. See Rule 26.9, Ala.R.Crim.P., Committee Comments; Burks v. State, 600 So.2d 374, 382-83 (Ala.Cr.App. 1991) (stating that a defendant who has been convicted of a felony is entitled to speak in his own behalf). The transcript of the sentencing hearing does not contain any indication that the trial judge afforded Davis this opportunity. (R. 71.) The sentencing order contained in the record, however, indicates that Davis was afforded allocution. (C. 63.)
Because there is a discrepancy between the sentencing order and the transcript of the sentencing hearing, we are unable to discern whether Davis was afforded the opportunity to make a statement in his behalf before his sentencing. Therefore, this case is due to be remanded to the trial court to determine whether Davis was afforded proper allocution. See Maul v. State,531 So.2d 35, 36 (Ala.Cr.App. 1988). If the trial court determines that Davis was not given the opportunity to make a statement, the trial court is directed to conduct a new sentencing hearing in which the opportunity for proper allocution is provided. The trial court shall take all necessary action to allow a return to remand to be filed with this court within 42 days of the date of this opinion.
For the above-mentioned reasons, Davis's conviction of attempt to possess a controlled substance is due to be affirmed and the case remanded to ensure that Davis was afforded allocution.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.