The appellant, Elijah Maul, entered a plea of guilty for possession of cocaine in violation of § 20-2-70, Code ofAlabama (1975). The trial court sentenced appellant to ten years' imprisonment and fined him $1,000.00 *Page 36 
Appellant contends that the trial court erred by allowing the prosecutor in the sentencing hearing to argue to the court that the admitted "possessor" is in fact a "distributor" of such substances when he failed to offer proof of the same." Appellant argues that the remarks made by the prosecutor at the sentencing hearing referring to the appellant as a "distributor" of cocaine violated the appellant's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.
The record indicates that appellant failed to object to the aforementioned remarks made by the prosecutor to the trial court. Matters not objected to are not preserved for review.Robinson v. State, 441 So.2d 1045 (Ala.Cr.App. 1983); Wood v.State, 416 So.2d 794 (Ala.Cr.App. 1982). An adverse ruling is required in order to preserve error for appellate review. The trial court, in sentencing the appellant, indicated that the imposition of the sentence against appellant was based upon the appellant's entire presentence report. The trial court also considered appellant's statement that he did not traffic in cocaine but had sold cocaine to personal friends. The trial court's imposition of sentence was apparently based solely upon the appellant's presentence report and the appellant's statement, without regard to any remarks made by the prosecution. The appellant's argument must fail, and his conviction is due to be affirmed.
The appellant meritoriously argues that an allocution is not contained in the transcript of the sentencing proceeding. However, the judgment in the present case reflects that an allocution entry was recorded.
The State cites Ebens v. State, 518 So.2d 1264 (Ala.Cr.App. 1986), a similar situation where the judgment entry reflected that an allocution was conducted while the transcript of the sentencing proceeding did not indicate that an allocution occurred. In dealing with such a situation in Ebens, this court ruled:
 "Due to the apparent conflict between the judgment entry and the transcript of the sentencing proceeding, we remand this cause to the trial court with directions to resolve the conflict and determine if a proper allocution did in fact occur. If there was no allocution, the trial court is directed to conduct a new sentencing hearing in which a proper allocution is provided. The trial court should then make due return to this court."
The case of Robinson v. State, 40 Ala. App. 540, 117 So.2d 260
(1960), is similar to the present case in that the judgment of guilty was based upon a plea of guilty. The Court of Appeals ruled in Robinson that when a judgment entry indicates that an allocution was conducted, but the transcript of the proceedings failed to indicate that such allocution occurred, the case should be remanded for a resolution of the conflict.
Pursuant to Ebens, and in light of the conflict that exists in the present record between the judgment entry and the transcript of the sentencing proceeding, this case is remanded to the trial court for a determination as to whether a proper allocution was conducted. If the determination is made that a proper allocution did not occur, the trial court is directed to conduct further proceedings not inconsistent with this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
 ON RETURN TO REMAND
This cause was remanded to the trial court in order to determine whether a proper allocution was conducted. The circuit court resentenced the appellant to ten years in the penitentiary and ordered him to pay a fine of $1,000 plus costs. The sentence was proper and included the allocution as directed by this court.
OPINION EXTENDED; AFFIRMED.
All Judges concur. *Page 37