McMILLAN, Presiding Judge.
The appellant, Corey Latrell Lee, filed a Rule 32, Ala. R.Crim. P., petition, attacking his conviction for second-degree receiving stolen property and his sentence of 21 years’ imprisonment in the state penitentiary. In his petition, Lee claimed that he was denied effective assistance of counsel. Specifically, he argued that counsel was deficient for the following reasons: (1) counsel’s failure to object to the State’s failure to prove that Lee had “control” over the stolen property; (2) his failure to raise a Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenge during jury selection; and (3) his failure to perfect Lee’s appeal. Lee also argued that the trial judge should have recused himself from this case, stating as grounds for this claim that Lee’s aunt was employed by the Lauderdale County District Attorney’s Office and that the judge had previously been a deputy district attorney in Lauderdale County. The State moved to dismiss, arguing that Lee’s claims were procedurally barred by Rules 32.2(a)(3) and (5), Ala. R.Crim. P. Further, the State alleged that Lee’s failure to make financial arrangements with the court reporter for a copy of the trial transcript had resulted in the dismissal of his *515 appeal. The trial court thereafter summarily denied the petition.
On appeal, Lee argues only that his counsel was ineffective for failing to perfect his appeal. Because he does not argue the other issues presented in his petition, he is deemed to have abandoned them on appeal. Bmvnlee v. State, 666 So.2d 91 (Ala.Crim.App.1995). However, it should be noted that he would not be entitled to relief on those claims if they were properly before this Court. These issues all present nonjurisdictional claims that should have been, but were not, raised either at trial or on appeal. Rules 32.2(a)(3) and (5), Ala. R.Crim. P.
The State has requested that this Court remand this case for the trial court to determine whether Lee’s appellate counsel was ineffective for failing to perfect his appeal. A review of the record supports this request. Therefore, this case is remanded to the Lauderdale Circuit Court for that court to hold an evidentiary hearing if necessary and to make specific findings of fact regarding Lee’s claim that counsel’s failure to perfect Lee’s appeal constituted ineffective assistance of counsel. Specifically, the circuit court should determine whether Lee was indigent at the time of his appeal, and, if so, whether counsel attempted to obtain a free transcript. If the circuit court finds that Lee was not indigent, the court should then determine whether counsel advised Lee of the necessity of paying for the transcript. Due return shall be made to this Court within 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
COBB and WISE, JJ., concur. BASCHAB and SHAW, JJ., concur in the result, without opinion.