The appellant, Kelvin Lamont Shaw, appeals from the circuit court's denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his June 2003 conviction for trafficking in marijuana and the resulting sentence of life imprisonment. On April 23, 2004, this Court affirmed Shaw's conviction and sentence, by unpublished memorandum. Shaw v. State (No. CR-02-2116),919 So.2d 1236 (Ala.Crim.App. 2004) (table). A certificate of judgment was issued on August 13, 2004.
On May 18, 2005, Shaw filed this, his first, Rule 32 petition in which he contended: (1) that he received ineffective assistance of trial counsel and appellate counsel,[1] raising 10 instances of alleged deficient representation; (2) that the trial court was without jurisdiction to render a judgment or to impose sentence in his case because, he said, the court failed to conduct an allocution before sentencing Shaw; (3) that the trial court erred when it failed to instruct the jury that no adverse inference could be drawn from Shaw's decision not to testify; (4) that proper forensic tests were not conducted on the plant material seized during his arrest; and (5) that the State failed to disclose the criminal history of prospective jurors. On June 20, 2005, the State filed its response; it argued that Shaw's arguments were both without merit and precluded from appellate review. On June 22, 2005, the trial court issued an order denying Shaw's petition. This appeal followed.
Shaw argues that the circuit court erred in denying his Rule 32 petition without first conducting an evidentiary hearing. Additionally, he claims that he presented sufficient facts that, if true, would entitle him to relief.
 I.
As stated above, Shaw alleged 10 instances of ineffective assistance of counsel.
As this Court noted in McNair v. State, 706 So.2d 828,839 (Ala.Crim.App. 1997):
 "In order to prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged test set out by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 "`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant *Page 186 
of a fair trial, a trial whose result is unreliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.'
"Id. at 687, 104 S.Ct. at 2064.
"`The performance component outlined in Strickland is an objective one: that is, whether counsel's assistance, judged under "prevailing professional norms," was "reasonable considering all the circumstances."' Daniel* v. State,650 So.2d 544, 552 (Ala.Cr.App. 1994) (quotingStrickland, 466 U.S. at 688,104 S.Ct. at 2065). Once a defendant has identified the specific acts or omissions that allegedly were not the result of reasonable professional judgment on counsel's part, the court must determine whether those acts or omissions fall outside the wide range of professionally competent assistance. Id.
"When reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel's conduct was appropriate and reasonable. Hallford v. State,629 So.2d 6 (Ala.Cr.App. 1992), cert. denied, 511 U.S. 1100,114 S.Ct. 1870, 128 L.Ed.2d 491 (1994); Luke v. State.484 So.2d 531 (Ala.Cr.App. 1985).
 "`Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.'
 "Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted). See Ex parte Lawley, 512 So.2d 1370, 1372 (Ala. 1987).
 "And, even if an attorney's performance is determined to be deficient, the petitioner is not entitled to relief unless it is also established that `there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
 "In an ineffective assistance of counsel claim, the burden is on the claimant to show that his counsel's assistance was ineffective. Ex parte Baldwin, 456 So.2d 129 (Ala. 1984), aff'd, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985)."
Here, Shaw has failed to meet the two-pronged test required byStrickland to prevail on an ineffective-assistance-of-counsel claim. First, Shaw failed to establish that his counsel's performance was deficient. The gist of Shaw's claims of ineffective representation appear to be: (1) that counsel was ineffective because he *Page 187 
failed to consult with Shaw on all important decisions and keep him informed of all developments in the case; (2) that counsel was ineffective because he failed to adequately investigate all possible defenses; (3) that counsel was ineffective because he failed to challenge certain evidentiary rulings by the trial court or object to the trial court's jury instructions; and (4) that counsel was ineffective because he failed to raise any meritorious issues on appeal. Shaw's claims of ineffective counsel are merely bare allegations attacking various strategic decisions made by counsel during the course of Shaw's trial and appeal. As such, the claims fail to meet the specificity requirement of Rule 32.6(b), Ala.R.Crim.P. Moreover, our examination of the record in Shaw's case on direct appeal indicates that there is no merit to any of Shaw's claims.[2] A difference of opinion over trial strategy between a defendant and his counsel is insufficient to render counsel's performance ineffective. See Patrick v. State, 680 So.2d 959, 962
(Ala.Crim.App. 1996). Second, Shaw failed to show how counsel's alleged deficiencies prejudiced his defense. Because Shaw failed to establish either prong of the Strickland test, the circuit court correctly determined that he was not entitled to relief on this claim.
 II.
Shaw next contends that the trial court was without jurisdiction to render a judgment or to impose sentence because, he said, the court failed to conduct an allocution before sentencing him.
A claim that a defendant was not afforded the opportunity to address the court before the sentence is imposed is not a jurisdictional claim. See Davis v. State,720 So.2d 1006, 1024 (Ala.Crim.App. 1998). See also Hill v. UnitedStates, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417
(1962) ("[t]he failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed. . . . is an error which is neither jurisdictional nor constitutional"). Therefore, Shaw's claim is subject to the procedural bars in Rule 32.2(a)(3) and (5) because it could have been, but was not, raised and addressed at trial and on appeal.
We recognize that this Court's decision in Webb v.State, [Ms. CR-04-0692, December 23, 2005] ___ So.2d ___ (Ala.Crim.App. 2005), suggests that the lack of an allocution is a jurisdictional issue. Although our decision in Webb v.State also involved the appeal from the denial of a Rule 32 petition, the caselaw cited in support of our holding involves cases on direct appeal, rather than on collateral review. Both this Court and the Alabama Supreme Court have recognized that when this issue is raised on direct appeal the lack of an allocution or a waiver of allocution requires that the case be remanded. See, e.g., Ex parte Anderson, 434 So.2d 737,738 (Ala. 1983); Newton v. State, 673 So.2d 799, 800-01
(Ala.Crim.App. 1995); Cline v. State, 571 So.2d 368, 372
(Ala.Crim.App. 1990). However, as we noted in Davis v.State, 720 So.2d at 1024, also an appeal from the denial of a Rule 32 petition, a claim that the defendant was not afforded an allocution is not jurisdictional and is subject to the procedural bars set out in Rule 32.2, Ala.R.Crim.P.[3] To the extent *Page 188 
that this Court's decision in Webb v. State suggests otherwise, it is hereby overruled.
In any event, we note that our examination of the record from Shaw's direct appeal indicates that Shaw was, in fact, afforded an opportunity to address the court. Thus, there is no merit to this claim.
 III.
Shaw also contends that the circuit erred in denying relief on his claims (1) that the trial court failed to instruct the jury that it could draw no adverse inference from Shaw's decision not to testify; (3) that proper forensic tests were not conducted on the plant material seized during his arrest; and (5) that the State failed to disclose the criminal history of prospective jurors. These claims are all nonjurisdictional. Therefore, they are precluded from review because they should have been, but were not, raised at trial or on direct appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. See generally Lee v. State,876 So.2d 514, 515 (Ala.Crim.App. 2003). Accordingly, the circuit court correctly denied relief as to these claims.
 IV.
Shaw's final contention is that the circuit court erred in summarily denying the Rule 32 petition without conducting an evidentiary hearing and without including in its order specific findings of fact.
Rule 32.7(d), Ala.R.Crim.P., provides that
 "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."
See also Hannon v. State, 861 So.2d 426, 427
(Ala.Crim.App. 2003); Tatum v. State, 607 So.2d 383, 384
(Ala.Crim.App. 1992). As discussed above, Shaw's claims were either precluded from review, insufficiently pleaded, or without merit. Thus, summary disposition was appropriate.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] Shaw was represented by the same attorney at trial and on appeal.
[2] This Court may take judicial notice of its own records.See Cogman v. State, 852 So.2d 191. 193 n. 1 (Ala.Crim.App. 2002); Hull v. State, 607 So.2d 369, 371
n. 1 (Ala.Crim.App. 1992).
[3] This is a distinction that we have recognized in a number of decisions in which we affirmed the trial courts' judgments by unpublished memorandum. To date, however, we have not discussed this distinction in any opinion.