JOINER, Judge.
Derrick Lashawn Thompson was convicted of two counts of unlawful distribution of a controlled substance within a three-mile radius of a school and a housing project, a violation of §§ 13A-12-211, -250, -270, Ala.Code 1975, and one count of unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala. Code 1975. The circuit court sentenced Thompson, as an habitual offender, to life in prison on each count, the sentences to be served concurrently. The circuit court imposed all fines, costs, and penalties mandated in drug cases. See §§ 13A-12-281, 15-23-17, and 36-18-7(a), Ala.Code 1975. Thompson did not file any posttrial motions. This appeal followed.
Thompson’s appellate counsel filed a motion to withdraw and a “no-merit” brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel argued that the record revealed no meritorious issues upon which to base an appeal. Thompson was then given an opportunity to present pro se issues to his counsel and to this Court. Thompson submitted a nine-page “motion to enter issues for review,” which presented the following issues for this Court to consider: (1) whether his trial counsel was ineffective because he failed to call witnesses for the defense and to prepare a reasonable defense, failed to object to the admission of untested drugs, failed to file a motion for a new trial based upon Thompson’s “absents [sic] from trial, a missing link in the chain of custody, prosecutor’s misconduct,” and failed to file a notice of appeal; (2) whether Thompson is entitled to a new trial because of his involuntary absence from trial; and (3) whether Thompson is entitled to a new sentencing hearing because the circuit court “was bias[ed] and prejudiced] against [Thompson], and sentenced [him] without the presence of counsel, pre-sen-tence investigation report, application of probation, or without allowing [him] to present witness or speak on his behalf.”
Initially, we note that Thompson’s claim that his trial counsel was ineffective was not first raised in the circuit court and is, therefore, not preserved for review. It is well settled that
“ineffective-assistance-of-counsel claims cannot be presented on direct appeal when they have not been first presented to the trial court. Montgomery v. State, 781 So.2d 1007 (Ala.Crim.App.2000). Thus, ‘ “[a]n ineffeetive-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R.Crim. P., expires, in order for that claim to be properly preserved *803 for review upon direct appeal.” ’ 781 So.2d at 1010, quoting Ex parte Ingram, 675 So.2d 863, 865 (Ala.1996).”
Shouldis v. State, 953 So.2d 1275, 1285 (Ala.Crim.App.2006). “ ‘[W]e will not make exception to the rule that a claim for ineffective assistance of counsel may not be considered on appeal if it was not first presented to the trial court.’ ” Brown v. State, 701 So.2d 314, 319-20 (Ala.Crim.App.1997) (quoting Ex parte Jackson, 598 So.2d 895, 897 (Ala.1992), overruled on other grounds, Ex parte Ingram, 675 So.2d 863, 865 (Ala.1996)).
We recognize that the Alabama Supreme Court in Ex parte Jefferson, 749 So.2d 406 (Ala.1999), created an exception to the preservation requirement when a defendant asserts a claim alleging ineffective assistance of counsel. The Court held that a general claim of ineffective assistance of counsel may be sufficient to preserve for appellate review a more specific claim of ineffective assistance of counsel “[w]here the record on appeal reflects that trial counsel’s performance was so deficient as to fall below an objective standard of reasonableness.” 749 So.2d at 408. In Montgomery v. State, 781 So.2d 1007 (Ala.Crim.App.2000), this Court recognized that the exception carved out by the Alabama Supreme Court in Jefferson would be applicable in “only a minute number of cases” — those cases where counsel’s error is “so blatant and clear on the face of the record that there [is] no room for interpretation.” 781 So.2d at 1011. We held in Montgomery that we would “not stretch to find ineffective assistance of counsel in cases where the claim has not been addressed by the trial court” and that, if the record on appeal does not reflect on its face that counsel’s performance was so deficient as to fall below an objective standard of reasonableness, the preservation exception carved out in Jefferson would not apply. 781 So.2d at 1011.
In this case, the claim of ineffective assistance of counsel raised by Thompson, which was not first presented to the circuit court, does not fall within the exception to the preservation requirement of Jefferson. The record does not reflect, on its face, that his counsel’s performance was so deficient as to fall below an objective standard of reasonableness. Therefore, Thompson’s claim is not properly before this Court for review. See, e.g., Flowers v. State, 799 So.2d 966 (Ala.Crim.App.2000); Montgomery, supra.
Thompson also contends that he is entitled to a new trial because, he says, he was involuntarily absent from trial. This argument, however, is without merit.
This Court has held:
“A trial court does not commit error in trying a defendant in his absence where that defendant knows the date of the trial and simply fails to appear, and there is no evidence suggesting that the defendant was involuntarily absent. United States v. Schocket, 753 F.2d 336, 339-340 (4th Cir.1985). A defendant may not unilaterally set the time or circumstances of his trial, see United States v. Bentvena, 319 F.2d 916 (2d Cir.), sub nom. Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963); rather, the defendant bears the burden of justifying his absence from a known proceeding against him.’ United States v. Sanchez, 790 F.2d 245, 249 (2d Cir.1986) (emphasis in [Sanchez ]). An acknowledgment from defense counsel that there is no evidence of the whereabouts of his client may support the conclusion of the trial judge that the accused has willfully absented himself without a reason. Sanchez, 790 F.2d at 250. See generally 21A Am.Jur.2d Criminal Law §§ 698-699 (1981).”
Gulledge v. State, 526 So.2d 654, 656-57 (Ala.Crim.App.1988). See also Wade v. *804 State, 497 So.2d 593, 595 (Ala.Crim.App.1986); Aldridge v. State, 278 Ala. 470, 179 So.2d 51 (1965).
Here, the record shows that Thompson’s trial began on May 11, 2010, and that both Thompson and his trial counsel were present in the courtroom for voir dire. After voir dire, the circuit court informed both Thompson and the jury that it was “not going to start trying the case [that] afternoon” and that the trial would resume “in the morning at 9:00 o’clock.” The next morning the following exchange occurred:
“[Thompson’s trial counsel]: Judge, at this time I would like the record to properly reflect [Thompson] has failed to appear at 9:40 [a.m.]. I would proffer to the Court that I have made contact with him notifying him as well as the Court in open court declaring that he needed to be back here at 9:00 o’clock to commence with trial.
[[Image here]]
“[The Court]: Well, the Rules of Criminal Procedure guarantee the Defendant the right to be present at every stage of his or her trial, but there is a waiver. Rule 9.1 talks about — Rule 9 and Rule 9.1 talk about waiver of the right to be present for disruptive behavior and the rule applies unless there’s a clear and unequivocal waiver of the right of the Defendant to be present, but that right can be implied as well.
“So before we went on the record this morning when I was asking where your client was, correct me if I’m wrong, but you told me you’ve had conversation with him this morning.
“[Thompson’s trial counsel]: Judge, approximately 20 minutes till 9:00 o’clock, the hour set for this trial, I did have a telephone conversation with him.
[[Image here]]
“[The Court]: Well, there is precedent for the court taking [Thompson’s] failure to appear, especially after the jury was struck yesterday and sworn, and I was clear and you’ve had conversation with him this morning and you were clear, I don’t think there’s any reasonable conclusion that I can draw from what’s laid before me other than this is a waiver of his right to be present.”
(R. 23-27.)
The record clearly establishes that Thompson was present when the circuit court told him that his trial would resume at 9:00 a.m. the following morning, and he failed to appear when his trial resumed the following morning. Furthermore, Thompson did not provide any evidence suggesting that his absence from trial was involuntary. The circuit court, therefore, did not commit error in trying Thompson in his absence because Thompson knew the date of the trial, failed to appear, and provided no evidence suggesting that his absence was involuntary.
Accordingly, there is no basis to support the reversal of Thompson’s convictions and sentences with regard to issues (1) and (2) — that his trial counsel was ineffective and that he was involuntarily absent from trial.
This Court, however, noticed a potentially meritorious issue with regard to Thompson’s sentencing hearing that warranted further briefing, specifically, whether the circuit court correctly followed the procedures set forth in Rule 26.9(b), Ala. R.Crim. P., when it did not allow Thompson to make a statement on his own behalf before it imposed sentences of three concurrent terms of life in prison. On June 17, 2011, this Court issued an order granting Thompson’s appellate counsel’s motion to withdraw, appointing Thompson new appellate counsel, and ordering Thompson’s new appellate counsel to file a brief addressing the issue noticed by this Court.
Complying with this Court’s order, Thompson’s new appellate counsel timely filed a brief addressing the issue. In his *805 brief, Thompson argues that the circuit court erred because, he says, it failed to follow the procedures set forth in Rule 26.9(b), Ala. R.Crim.App., “when it did not allow [Thompson] to make a statement on his own behalf before it imposed a sentence of a term of life in prison,” “when it did not state that a credit [would] be allowed on the sentence ... for time during which [Thompson had] been incarcerated,” and “when it did not explain to [Thompson] the terms of the sentence.”
The State contends that Thompson failed to preserve his argument for review because, it says, “Thompson failed to challenge this alleged error in an objection before the [circuit] court or in a posttrial motion.” This Court, however, has held that “the requirement that the defendant be afforded the opportunity to speak on his or her behalf at the sentencing hearing [is an] exception[ ] to the general preservation rule and [is] required to afford a defendant the minimal due process.” Banks v. State, 51 So.3d 386, 392 (Ala.Crim.App.2010). Thus, this issue is properly before this Court for review.
Rule 26.9(b)(1), Ala. R.Crim. P., provides that, in pronouncing the sentence, the circuit court must “[a]fford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence.” In Banks, 51 So.3d at 393, this Court noted:
“[Regarding the requirement of an allo-cution, Ex parte Anderson, 434 So.2d 737 (Ala.1983), and the cases following it hold that when the lack of an allocution or the waiver of allocution is raised on direct appeal remand is required because a sentence without an allocution is erroneous. See Davis v. State, 747 So.2d 921, 925 (Ala.Crim.App.1999); Newton v. State, 673 So.2d 799, 800-01 (Ala.Crim.App.1995); Burks v. State, 600 So.2d 374, 382-83 (Ala.Crim.App.1991); Duncan v. State, 587 So.2d 1260, 1264 (Ala.Crim.App.1991); Cline v. State, 571 So.2d 368, 372 (Ala.Crim.App.1990); Maul v. State, 531 So.2d 35, 36 (Ala.Crim.App.1988). See also Ebens v. State, 518 So.2d 1264, 1269 (Aa.Crim.App.1986); Oliver v. State, 25 Ala.App. 34, 34, 140 So. 180, 181 (1932) (wherein the court noted that ‘to constitute a valid judgment!, the fact that the defendant was asked if he had anything to say why the sentence of law should not be pronounced upon him] must appear in the minute entry of the judgment’). We note that in Shaw v. State, [949 So.2d 184 (Ala.Crim.App.2006) ], this Court recognized and reiterated that on direct appeal, when the issue of the lack of an allocution or a waiver of an allocution is raised, the case is to be remanded. 949 So.2d at 187. Rule 26.9(b)(l)[, Aa. R.Crim. P.,] also provides that in pronouncing the sentence, the trial judge must ‘[a]fford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence.’ The Committee Comments following Rule 26 state that a defendant is entitled to allocution, regardless of the gravity of the sentence imposed. See Rule 26.9, Aa. R.Crim. P., Committee Comments.”
Here, the record shows that the circuit court, without affording Thompson an opportunity to make a statement in his own behalf, stated:
“Mr. Thompson, I’m going to sentence you to three life sentences concurrent. You know, somewhere along the way you’ve got to get it. You never got it and you didn’t want to get it. It just blows my mind that you just keep doing what you’re doing and then come up here and start your trial and run off. I don’t have much sympathy for you frankly. That’s my sentence.”
(R. 184-85.)
Because Thompson was not afforded an opportunity to speak in his own *806 behalf before the circuit court imposed sentence, this Court is compelled to reverse the sentence and to remand this cause to the circuit court for that court to resentence Thompson.[1] On remand the circuit court shall conduct a sentencing hearing in which a proper allocution is provided pursuant to Rule 26.9(b), Ala. R.Crim. P. The circuit court is directed to make a return to this Court showing compliance with these instructions within 49 days from the date of this opinion. The return to remand shall include a transcript of the sentencing hearing and copies of documents, if any, relied upon by the circuit court in imposing Thompson’s sentences.
Thompson’s convictions for two counts of unlawful distribution of a controlled substance within a three-mile radius of a school and a housing project and one count of unlawful possession of a controlled substance are due to be affirmed; for the foregoing reasons, his sentences, however, are reversed, and the case is remanded for resentencing.
AFFIRMED AS TO CONVICTIONS; REVERSED AS TO SENTENCES; AND REMANDED WITH INSTRUCTIONS.*
WELCH, P.J., and WINDOM, KELLUM, and BURKE, JJ., concur.

. In light of this Court’s holding it is unnecessary to address Thompson's remaining issues with regard to the circuit court's alleged errors during the sentencing hearing — that the circuit court "did not state that a credit will be allowed on the sentence ... for time during which [Thompson had] been incarcerated” and "did not explain to [Thompson] the terms of the sentence.”

 Note from the reporter of decisions: On March 16, 2012, on return to remand, the Court of Criminal Appeals affirmed, without opinion.