JOINER, Judge.
Jason Dewane Green pleaded guilty to manslaughter, § 13A-6-3, Ala.Code, 1975, and was sentenced to 19 years' imprisonment. The circuit court ordered Green to pay a $50 crime-victims-compensation assessment, $7,698 in restitution, and court costs.
On appeal, the issues Green raises relate only to sentencing; he does not challenge his conviction. Because the record shows that Green was not provided an opportunity to make a statement in his own behalf before the circuit court sentenced him, we reverse Green’s sentence and remand his case to the circuit court for resentencing.[1]
The State contends that Green failed to preserve his argument for appellate review because he did not move to withdraw his guilty plea and he did not offer any objections during his sentencing hearing. This Court has previously held, however, that “the requirement that the defendant be afforded the opportunity to speak on his or her behalf at the sentencing hearing [is an] exception[ ] to the general preservation rule and [is] required to afford a defendant the minimal due process.” Banks v. State, 51 So.3d 386, 392 (Ala.Crim.App.2010). Accordingly, this issue is properly before this Court for review.
“Rule 26.9(b)(1), Ala, R.Crim. P., provides that, in pronouncing the sentence, the circuit court must ‘[a]fford the defendant an. opportunity to make a statement in his or her own behalf before imposing sentence.’ In Banks, 51 So.3d at 393, this Court noted;
“ ‘[Regarding the requirement of an allocution, Ex parte Anderson, 434 So.2d 737 (Ala.1983), and the cases following it hold that when the lack of an allocution or the waiver of allocution is raised on direct appeal remand is required because a sentence without an allocution is erroneous. See Davis *679 v. State, 747 So.2d 921, 925 (Ala.Crim.App.1999); Newton v. State, 673 So.2d 799, 800-01 (Ala.Crim.App.1995); Burks v. State, 600 So.2d 374, 382-83 (Ala.Crim.App.1991); Duncan v. State, 587 So.2d 1260, 1264 (Ala.Crim.App.1991); Cline v. State, 571 So.2d 368, 372 (Ala.Crim.App.1990); Maul v. State, 531 So.2d 35, 36 (Ala.Crim.App.1988). See also Ebens v. State, 518 So.2d 1264, 1269 (Ala.Crim.App.1986); Oliver v. State, 25 Ala.App. 34, 34, 140 So. 180, 181 (1932) (wherein the court noted that “to constitute a valid judge-pient[, the fact that the defendant was asked.if he had anything to say why the sentence of law should not be pronounced upon him] must appear in the minute entry of the judgment”). We note that in Shaw v. State, [949 So.2d 184 (Ala.Crim.App.2006) ], this Court recognized and reiterated that on direct appeal, when the issue of the lack of an allocution or a waiver of an allocution is raised, the case is to be remanded. 949 So.2d at 187. Rule 26.9(b)(l)[, Ala. R.Crim. P.,] also provides that in pronouncing the sentence, the trial judge must “[a]fford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence.” The Committee Comments following Rule 26 state that a defendant is entitled to allocution, regardless of the gravity of the sentence imposed. See Rule 26.9, Ala. R.Crim. P., Committee Comments.’ ”
Thompson v. State, 92 So.3d 801, 805 (Ala.Crim.App.2011).
Because Green was not afforded with an opportunity to make a statement in his own behalf before the circuit court sentenced him, this Court is compelled to reverse the sentence and to remand this case to the circuit court for that court to resentence Green. On remand the circuit court shall conduct a sentencing hearing in which a proper allocution is provided pursuant to Rule 26.9(b), Ala. R.Crim. P. The circuit court is.directed to make a return to this Court showing compliance with these instructions within 49 days from the date of this opinion. The return to remand shall include a transcript of the sentencing hearing and copies of documents, if any, relied upon by the.circuit court in imposing Green’s sentence.
REVERSED AS TO SENTENCE AND REMANDED WITH INSTRUCTIONS.*
WELCH, KELLUM, and BURKE, JJ., concur.
WINDOM, P. J., dissents, with opinion.

. In light of this Court's holding, it is unnecessary to address Green's remaining issues with respect to the circuit court's alleged errors during the sentencing hearing — (1) that ■ the circuit court erred when it did not grant , his motion to reconsider his sentence or his request for the circuit judge to recuse himself from further proceedings in his case because of, he says, the judge's alleged bias or appearance of bias against him; and (2) that he was denied due process because, he says, "he was not afforded the opportunity to respond to and rebut allegations made against him by the trial court that [were] used to determine his •sentence." (Green’s brief, p. 14.)

 Note from the reporter of decisions: On December 11, 2015, on return remand/ the Court of Criminal Appeals affirmed, without opinion. On December 31, 2015, that court denied rehearing, without opinion. On February 12, 2016, the Supreme Court denied certiorari review, without opinion (1150357).