WELCH, Judge.
On January 13, 2016, Douglas Alfred Green entered blind pleas to the following charged offenses: two counts of first-degree theft of property (CC-15-4527 and CC-15-4531), see § 13A-8-3, Ala. Code 1975; fraudulent use of a credit card (CC-15-4528), see § 13A-9-14, Ala. Code 1975; first-degree receiving stolen property (CC-15-4529 and CC-15-4530), see § 13A-8-17, Ala. Code 1975; and third-degree burglary (CC-15-5200), see § 13A-7-7, Ala. Code 1975. On January 13, 2016, Green was sentenced to 99 years' imprisonment for each conviction. The six sentences were ordered to be served concurrently with each other and consecutively with another sentence for which probation had been revoked. Restitution was ordered in the amount of $2,461.49. Green appeals.
Facts
On December 15, 2015, Green and his counsel initially appeared before the Honorable Jay A. York for a probation-revocation hearing and to enter blind guilty pleas to the six convictions Green now appeals. Near the conclusion of the plea colloquy, Judge York realized that he had a conflict of interest regarding two of the charges against Green. Judge York had the six cases immediately transferred to the Honorable Charles Graddick.
On December 16, 2015, Green and his counsel appeared before Judge Graddick. Judge Graddick essentially stated that because of the large number of charges against Green that required the court's review and the fact that Green had been in the Metro Jail for 16 months, and because it appeared that Green had a substance-abuse problem, the court would release Green from the Metro Jail and send him immediately to the PASCO Home, an in patient drug-treatment center. However, *799 Judge Graddick was very clear that the case would resume on January 13, 2016, and the court indicated that at that time a disposition would be reached and the appropriate sentences imposed. Judge Graddick specifically stated at that time that no presentence report was needed because the court was aware of Green's extensive criminal record. On January 13, 2016, Judge Graddick adjudicated Green guilty of the charged offenses and imposed sentences.[1]
I.
Green contends that his sentences were imposed without allowing him the opportunity to speak on his own behalf, i.e., without an allocution. The record supports this contention, and the State concedes that this case must be remanded for resentencing "so that Green will be allowed to address the trial court before his sentence is pronounced." (State's brief, at p. 6.)
"This Court has previously held ... that 'the requirement that the defendant be afforded the opportunity to speak on his or her behalf at the sentencing hearing [is an] exception[ ] to the general preservation rule and [is] required to afford a defendant the minimal due process.' Banks v. State, 51 So.3d 386, 392 (Ala. Crim. App. 2010)....
" 'Rule 26.9(b)(1), Ala. R. Crim. P., provides that, in pronouncing the sentence, the circuit court must "[a]fford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence." In Banks, 51 So.3d at 393, this Court noted:
" ' "[R]egarding the requirement of an allocution, Ex parte Anderson, 434 So.2d 737 (Ala. 1983), and the cases following it hold that when the lack of an allocution or the waiver of allocution is raised on direct appeal remand is required because a sentence without an allocution is erroneous. See Davis v. State, 747 So.2d 921, 925 (Ala. Crim. App. 1999) ; Newton v. State, 673 So.2d 799, 800-01 (Ala. Crim. App. 1995) ; Burks v. State, 600 So.2d 374, 382-83 (Ala. Crim. App. 1991) ; Duncan v. State, 587 So.2d 1260, 1264 (Ala. Crim. App. 1991) ; Cline v. State, 571 So.2d 368, 372 (Ala. Crim. App. 1990) ; Maul v. State, 531 So.2d 35, 36 (Ala. Crim. App. 1988). See also Ebens v. State, 518 So.2d 1264, 1269 (Ala. Crim. App. 1986) ; Oliver v. State, 25 Ala.App. 34, 34, 140 So. 180, 181 (1932) (wherein the court noted that *800 'to constitute a valid judgement[, the fact that the defendant was asked if he had anything to say why the sentence of law should not be pronounced upon him] must appear in the minute entry of the judgment'). We note that in Shaw v. State, [949 So.2d 184 (Ala. Crim. App. 2006) ], this Court recognized and reiterated that on direct appeal, when the issue of the lack of an allocution or a waiver of an allocution is raised, the case is to be remanded. 949 So.2d at 187. Rule 26.9(b)(1)[, Ala. R. Crim. P.,] also provides that in pronouncing the sentence, the trial judge must '[a]fford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence.' The Committee Comments following Rule 26 state that a defendant is entitled to allocution, regardless of the gravity of the sentence imposed. See Rule 26.9, Ala. R. Crim. P., Committee Comments." '
" Thompson v. State, 92 So.3d 801, 805 (Ala. Crim. App. 2011)."
Green v. State, 200 So. 3d 677, 678-79 (Ala. Crim. App. 2015).
Therefore, this case must be remanded for resentencing.
II.
Green contends that the trial court erred in denying his motions to withdraw his guilty pleas because his guilty pleas were based on a material misrepresentation[2] by his trial counsel.[3]
Review of this claim is unnecessary because this case is being remanded for a new sentencing proceeding. "[A] new sentencing hearing revives the underlying criminal matter" allowing Green's counsel or Green to file a new motion to withdraw his guilty plea should he desire. Ex parte Walker, 152 So.3d 1247, 1250 (Ala. 2014) ("The Rule 32 court's grant of a new sentencing hearing revives the underlying criminal matter, authorizing the trial court to conduct a sentencing hearing, independent of the Rule 32 action, and to resentence the defendant, if appropriate.").
Conclusion
As stated in Part I of this opinion, Green was not afforded an opportunity to make a statement in his own behalf before the circuit court sentenced him. Thus, Green's sentence must be reversed and the case remanded to the circuit court for a new sentencing proceeding. "On remand the circuit court shall conduct a sentencing hearing in which a proper allocution is provided pursuant to Rule 26.9(b), Ala. R. Crim. P." Green v. State, 200 So. 3d at 679. The circuit court is directed to make a return to this Court showing compliance with these instructions within 56 days from the date of this opinion. The return to remand shall include a transcript of the sentencing hearing and copies of documents, if any, relied upon by the circuit court in imposing Green's sentence.
AFFIRMED AS TO CONVICTIONS; REVERSED AS TO SENTENCING;
*801 AND REMANDED WITH INSTRUCTIONS.*
Windom, P.J., and Burke and Joiner, JJ., concur. Kellum, J., not sitting.

On January 19, 2016, counsel for Green, Scott Hawk, filed a lengthy motion to reconsider and to set aside the sentencing order. This motion was denied on January 21, 2016. On January 25, 2016, Green filed a pro se motion to withdraw his guilty pleas. This motion was denied on February 4, 2016. On February 5, 2016, counsel for Green filed a 10-page motion to withdraw the guilty pleas. On February 12, 2016, the circuit court summarily denied counsel's motion to withdraw the guilty pleas. On February 10, 2016, Green filed his second pro se motion to withdraw his guilty pleas. In this motion, Green contended that his guilty pleas were not entered voluntarily but were the result of ineffective assistance of counsel. He asserted that counsel was ineffective for the following reasons: 1) counsel advised Green to enter guilty pleas but did not inform him of the difference between a negotiated plea and a blind plea; 2) counsel did not inform Green that he had a right to a sentencing hearing and a pre-sentence investigation report; 3) counsel knew that Green believed he would be sentenced to a halfway house if he pleaded guilty but did nothing to correct this false belief; Green asserts that he would not have entered guilty pleas if he had known he would not be sentenced to the halfway house. This motion was summarily denied on February 16, 2016.
On February 29, 2016, Hawk filed a motion to withdraw as counsel, citing Green's allegation of ineffective assistance of counsel as a ground for withdrawal. The motion to withdraw was granted on March 1, 2016.

This Court agrees with the State's assertion on appeal that this claim was not raised below. Green, in his second pro se motion to withdraw his guilty pleas, asserted that his counsel had failed to inform him of certain information and had failed to correct Green's mistaken belief regarding sentencing, but Green did not allege that counsel presented any material misrepresentations regarding Green's guilty pleas.

Other assertions contained in part II of Green's appellate brief do not appear to be independent issues for appellate review. However, to any extent that these assertions were meant to be independent issues, they do not satisfy Rule 28(a)(10), Ala. R. App. P.

Note from the reporter of decisions: On September 1, 2017, on return to remand, the Court of Criminal Appeals affirmed without opinion.